UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEN CHONG SHU,<br>Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-06-357 |
| | : | (Judge Conaboy) |
| DEPARTMENT OF HOMELAND SECURITY, ET AL.,<br>Respondents | : | |

**MEMORANDUM**
**Background**

Chen Chong Shu, a detainee of the Bureau of Immigration and Customs Enforcement (hereinafter ICE) presently confined at the Clinton County Prison, McElhattan, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as Respondents are the Department of Homeland Security and United States Attorney General Alberto Gonzalez. Petitioner's request to proceed in forma pauperis will be granted.

Shu identifies himself as being a native and citizen of the Republic of China who unlawfully entered the United States. Petitioner acknowledges that his unlawful entry resulted in a criminal conviction. On November 10, 2005, he completed a term of incarceration stemming from that conviction. Upon his release he was taken into custody by the ICE and placed in the Clinton County

Prison. Shu states that he "has accepted his final order of deportation" which was issued by an Immigration Judge prior to his ongoing detention Doc. 1, p. 3.

In his present action, Petitioner asserts that despite his full cooperation, the ICE has been unable to remove him to China. He claims that he "was not served with a written decision ordering his continued detention" and that his custody status has not been reviewed under 8 C.F.R. § 241.4. Id. at p. 3-4. Petitioner also asserts that he has not been provided with a notice that his case has been transferred to the Headquarters Post Detention Unit (hereinafter HQPDU).

On January 12, 2006, Petitioner states that he submitted a request for release. He indicates that although the ninety (90) day period has now expired, there has been no response to his request.[1]

Shu's present action does not challenge the legality of his deportation but, rather, his "continued detention" pending removal. Id. at p. 5. Petitioner states that he has been detained for over ninety (90) days and his removal to China or any other country within the foreseeable future is unlikely. See id. Pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001), Shu maintains that his continued detention in ICE custody while

[1] It is noted that the Petitioner's request for release was filed prior to the expiration of the ninety (90) day period.

awaiting deportation violates his constitutional rights. He seeks his immediate placement on supervised release.

Based on the Supreme Court's decision in Zadvydas, this Court will transfer the petition to the ICE as a request for either an initial custody determination under 8 C.F.R. § 241.4(h) or review under 8 C.F.R. § 241.13.

**Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[2] At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

---

[2] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

In Zadvydas, the United States Supreme Court addressed the issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. Furthermore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. It stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

The Zadvydas holding was limited to removable aliens. In Clark v. Martinez, __ U.S. __, 125 S.Ct. 716, 727 (2005), the Supreme Court extended Zadvydas to two Mariel Cubans who had been deemed inadmissible to the United States. Thus, Shu is entitled to protection under Zadvydas regardless of whether he is a removable or an inadmissible alien.

Pursuant to 8 C.F.R. § 241.4 immediately following the expiration of the 90 day removal period, the ICE's field office director having jurisdiction over the alien shall initiate an initial custody determination as to whether the detainee should be released. The ICE also adopted 8 C.F.R. § 241.13 which "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. §241.13(a). Specifically, an eligible alien may make a written request for release to the HQPDU, "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. §

241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R. § 241.13(e)(1). The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5). The factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory.

8 C.F.R. § 241.13(f). The Regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).

As previously noted, Petitioner indicates that a final order of removal has been entered against him. This petition was filed

approximately ninety (90) days after he was taken into custody by the ICE on November 10, 2005. Inasmuch as Shu previously submitted a premature request with the ICE and has now challenged his continued detention by filing a petition for a writ of habeas corpus under §2241, the Respondents are instructed, in accordance with the directive of the Attorney General, to treat, as of this date, the petition as a request for either an initial custody determination or release under 8 C.F.R. §241.13. See Zhang v. United States Attorney General, Civil No. 3:CV-02-336 slip op. (M.D. Pa. March 11, 2002)(Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.).[3]

The ICE shall respond to the request within thirty (30) days as mandated. If a timely response is not provided by the ICE, Petitioner may request that this action be reopened. Having transferred the matter to the ICE for disposition under existing review procedures, the petition will be dismissed without prejudice. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 22, 2006

[3] The Court recognizes that the six (6) month period contemplated by Zadvydas has not expired.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEN CHONG SHU,<br>Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-06-357 |
| | : | (Judge Conaboy) |
| DEPARTMENT OF HOMELAND SECURITY, ET AL.,<br>Respondents | : | |

---

**ORDER**

AND NOW, THIS 22nd DAY OF FEBRUARY, 2006, IT IS THEREFORE ORDERED THAT:

1. Petitioner's in forma pauperis application is granted.
2. The petition for writ of habeas corpus to the extent it challenges Shu's ongoing detention is construed as a request for either an initial custody determination or release under 8 C.F.R. § 241.13. This action is hereby transferred to the ICE with instructions to respond to the request as mandated under said regulations.
3. Petitioner's challenge to his ongoing detention, having been transferred to the ICE for disposition under its existing review procedures, is hereby dismissed without prejudice.

4. The Clerk of Court is directed to serve a copy of the Petition (Doc. 1) and this Order on the named Respondents and the ICE.

5. The Clerk of Court is directed to close this case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge